UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BRUCE FOODS CORPORATION | CIVIL ACTION NO. 6:10-cv-01753 |
| VERSUS | JUDGE MELANÇON |
| LAWRENCE WHOLESALE, LLC | MAGISTRATE JUDGE HANNA |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiff's complaint alleges that this Court has jurisdiction over this matter, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00.  The undersigned has reviewed the pleadings to determine whether the requirements for diversity jurisdiction have been satisfied.  The undersigned finds that they have not.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  In this case, the plaintiff, Bruce Foods, must bear that burden.  The undersigned finds that the allegations set forth in the complaint adequately establish that the amount in controversy exceeds the $75,000 threshold.  But the undersigned finds that the complaint fails to set forth sufficient allegations concerning the diversity of the parties.

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

The only defendant sued in this lawsuit is Lawrence Wholesale, LLC. A limited liability company is a citizen of every state in which any member of the company is a citizen,[2] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[3] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[4] If any one of the members is not diverse, the limited liability company is not diverse.

In its complaint, Bruce Foods alleges that it is a Louisiana corporation, with its principal place of business in Louisiana. Bruce Foods alleges that the defendant, Lawrence Wholesale, LLC, is a California limited liability company. But no information was provided concerning the citizenship of the members of the defendant

---

[2] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[3] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[4] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members); *Randolph v. Wyatt*, 2010 WL 299257, 1 (W.D. La. 2010); *Miracle Ear, Inc. v. Premier Hearing Aid Center, L.L.C.*, 2009 WL 5198183, 1 (W.D. La. 2009). See also *Lawson v. Chrysler LLC*, 2009 WL 961226, 2 (S.D. Miss. 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

company. Therefore, the undersigned cannot determine whether the parties are – or are not – diverse. Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiff shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The defendant will be allowed seven days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana, this 28th day of February, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)